Mr. Justice Thacher
delivered the opinion of the court.
This was an action instituted' in indebitatus assumpsit to recover the value of a year’s services as overseer upon a plantation. It appears in evidence, that the intestate had agreed to pay the nominal plaintiff $300, for his labor for'one year from the 1st day of January, 1840, until the 1st day of January, 1841, and that the intestate departed this life in the spring of the year 1840. The promise, as by the intestate, was laid in the declaration ujron the 1st day of January, 1841. The plaintiffs in error requested the court below to charge the jury that the defendant in error was only entitled to receive for his services to the 4th day of May, 1840, it being the day of the intestate’s death. It also appeared in evidence that the term of labor, with the exception of a few weeks, had been performed. The court below refused the charge, which refusal was made the ground by which the case was brought here by writ of error.
The contract was not such an one as required to be declared upon specially. It contained no conditions of times and periods of payment or of the nature and peculiarity of the work which gave it that character. The time, also, at which the promise was laid in the declaration, was unimportant. In assump-sit upon a contract, the day upon which it is made is alleged only for form, and the plaintiff is at liberty to prove that the contract, whether express or implied, was made at any other time.
The charge, we think, was properly refused. The death of the intestate did not interrupt the progress of the agreement, and its fulfilment having been established in evidence, the-right of recovery for the term of time was full and complete.
It is objected to the judgment that it was, in its language, against the plaintiffs in error personally, and not in their administrative capacity. This point received the adjudication of this court in the case of Breckenridge Administrator, v. Mellon’s Administrator, 1 H. 273, where it is held that a judgment must be against such defendants in their representative capacity. On this account, the judgment below must be *545 reversed, but it being a cáse where the judgment can be corrected here, it is ordered that a judgment be entered against the defendants below for the amount' of the verdict, in their representative capacity, to be levied of the goods and chattels of their intestate in their hands.